## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

JAQUAN GREEN

VERSUS

REESE BROWN ET AL

CASE NO. 6:25-CV-01218

JUDGE DAVID C. JOSEPH

MAGISTRATE JUDGE CAROL B. WHITEHURST

### REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 5), which Plaintiff opposed (Rec. Doc. 8). The motion was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. For the following reasons, the Court recommends that Defendants' motion be granted in part and denied in part.

### Facts and Procedural History

Plaintiff filed this civil rights suit under 42 U.S.C. §1983 for constitutional violations after an altercation involving Lafayette police officers. (Rec. Doc. 1). He sued Lafayette City-Parish Consolidated Government ("LCG") and Officers Brown, Romero, Howerton, and Bernard in their individual and official capacities (collectively "the Officers"). In addition to compensatory and general damages,

Plaintiff asserts claims for punitive damages. (Rec. Doc. 1, p. 17). Defendants, LCG

and the Officers, move to dismiss the latter claims as legally unavailable.

## LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard.

The defendant may challenge the complaint for failing to state a claim by

filing a motion to dismiss under F.R.C.P. Rule 12(b)(6). When considering a motion

to dismiss for failure to state a claim, the district court must limit itself to the contents

of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan

Stanley Dean Witter*, 224 F.3d 496, 498 (5ᵗʰ Cir.2000); *U.S. ex rel. Riley v. St. Luke's

Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-

pleaded facts as true and view them in the light most favorable to the plaintiff. *In re

Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5ᵗʰ Cir.2007) Conclusory

allegations and unwarranted deductions of fact are not accepted as true, *Kaiser

Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5ᵗʰ Cir.

1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. The law does "not require

heightened fact pleading of specifics, but only enough facts to state a claim to relief

that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.

Ct. 1955, 1974 (2007). The allegations must be sufficient "to raise a right to relief

above the speculative level," and "the pleading must contain something more

…than…a statement of facts that merely creates a suspicion [of] a legally cognizable

right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

### B. Availability of Punitive Damages.

The United States Supreme Court held unequivocally that "[a] municipality is immune from liability for punitive damages in a §1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981). See also *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)). Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)). On the other hand, punitive damages are recoverable against municipal employees who are sued in their individual capacities under §1983. *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)). Considering the well-settled law, Plaintiff's punitive damage claims against LCG and the Officers in their official capacities should be dismissed. To the extent Plaintiff asserts such claims against the Officers individually, those claims survive.

Defendants have also moved to dismiss Plaintiff's claims for punitive damages under state law. Under Louisiana law, punitive damages are not recoverable in civil cases absent a specific statutory provision authorizing recovery of punitive damages. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Plaintiff failed to cite any state law which would support an award of punitive damages in this case. Thus, to the extent Plaintiff asserts claims for punitive damages under state law, those claims should likewise be dismissed.

## CONCLUSION

For the reasons discussed herein, the Court recommends that Defendants' Motion to Dismiss (Rec. Doc. 5) be GRANTED IN PART AND DENIED IN PART. To the extent the motion seeks to dismiss claims for punitive damages under federal law against Lafayette-City-Parish Consolidated Government and the Officers in their official capacities and all claims for punitive damages under state law, the motion should be granted. Otherwise, to the extent the motion seeks to dismiss federal law claims for punitive and exemplary damages against the Officers individually, the motion should be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 29th day of December, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE